Smith, J.
In these two cases — Nos. 361 and 362 — we think that the motion to dismiss the appeal should be overruled.
The cases were clearly appealable. They were brought by the several plaintiffs against the assignee of Minnie Hirsch, an insolvent, to require him to allow their claims in the settlement of said trust. The original assignee having been removed, and Mr. Carson appointed trustee in his stead, the latter was substituted as defendant in place of the original assignee, and he filed an answer denying the validity of the claims of the plaintiff. After the filing of the answers, Lang, Price & Go., who claimed to be creditors of Minnie Hicks, and who had required the assignee to reject the claims, were made parties defendant, but filed no answer. The case was tried on- the issues made by the petitions of plaintiffs, and answers of Carson, and the court found for the plaintiffs, and ordered the trustee to allow the claims. “And thereupon the defendant gave notice of an appeal to the circuit court, and the court fixed the amount of the appeal bond at $100, and thereupon said defendants, Lang, Price & Go., gave notice of their intention to appeal the case to the circuit court, and the court fixed the amount of the appeal bond at $100.” This is all of the entry on the journal of the court, relating to an appeal. These judgments and notices of appeal were entered August 12, 1895, and on September 19, 1895, the transcripts were filed by the clerk of the circuit court, but no appeal bond was filed by any defendant in either case.
The motion to dismiss the appeals were upon the grounds: 1. That neither of the defendants gave bond 2. That the appeal was not in the interest of the trust, but for the benefit of Lang, Price & Co. 3. That no notice of appeal was given by Carson, Trustee.
We think the notice of appeal was given by the trustee. *293 He was the principal defendant, and may be the only proper one. He was the only defendant, who filed an answer, and the case was tried on the issue raised by his answer. The first notice of appeal mentioned in the Journal Entry, must be held to have been given by him, particularly as the only other persons who were in any sense defendants, gave a separate notice of appeal.
MilliJdn, Shotts, & MilliJdn, and Judge Humeioi motion.
ShepJiard & Morey, Andreios & Morey, contra.
We understand it to be conceded that Carson did give bond according to law, and that he had no interest in the controversy except in capacity as trustee. If not concluded, we will have affidavits on the subject. Both facts seem evident however, from the papers in the case. If this be so, he was not required by law to give a bond, and the order of the court filing the amount of bond to be given by him, was ■of no effect. If he did appeal in his own interest and not in the interest of the trust, he should have given the bond as fixed by the court, and not having done so, the appeal should be dismissed if this is made to appear. But we do not understand this to be claimed in reality.
Having given notice of his intention to appeal by an entry upon the Journal, this we think is a substantial compliance with the provisions of Section 6108 Revised Statutes, that a trustee may in such case appeal, by given written notice to the court of his intention to do so.
Having given this notice in proper time, it became the duty of the clerk, unless otherwise directed, after the expiration of thirty days from the entry of the judgment sought to be appealed from to make a transcript and file it with the other papers in the case in the Circuit Court. The clerk did this September 19, which was seven or eight days after the expiration of the thirty days. This was a substantial compliance with the statute, but if not the failure of the clerk in this regard cannot prejudice the plaintiff. The motion will be overruled.